IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-06-2 (2) |
| | § | |
| OSCAR ENRIQUE RICO, | § | |
| | § | |
| Defendant, | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CONCURRENT SENTENCE**

Pending before the Court is a motion filed by Defendant Oscar Enrique Rico ("Rico") and received by the Clerk on June 5, 2007. (D.E. 22.) In it, Rico requests that the Court order that his sentence in the instant case run concurrent with his state case, Cause No. 99-CRF-411-1, out of Kleberg County. Based on research provided by the United States Probation Office at this Court's request, there remains an active probation violator's warrant pending in Rico's Kleberg County case.

As a preliminary matter, the Court notes that the judgment in this case does not specify whether Rico's sentence is to run concurrent or consecutive to any state sentence. (See D.E. 20.) The Court was aware, however, that there was a pending probation violator's warrant pending in the Kleberg County case at the time of sentencing. (See Presentence Investigation Report ("PSR") at p. 1 & ¶ 24 (both referencing the Kleberg County case).)

It is clear, in the Fifth Circuit at least, that the Court has authority to order that a federal sentence run either concurrent or consecutive to a yet-to-be imposed state sentence. The Fifth Circuit has stated:

> Although the plain language of [18 U.S.C.] § 3584 suggests that the district court is without discretion to order that a federal term of imprisonment run concurrent with a yet-to-be-imposed state sentence, we have found to the contrary. See United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.) (per curiam) (stating that under § 3584 the district court may order that a federal term of imprisonment run either concurrent with or consecutive to an anticipated state sentence).

United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000); see also United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (noting split in the circuits and that the Second, Fifth, Tenth, and Eleventh Circuits have concluded that a district court may impose a sentence to be served consecutively to a yet-to-be-imposed state sentence, while the Sixth, Seventh, and Ninth Circuits have concluded that it may not); United States v. Smith, 472 F.3d 222, 227 (4th Cir. 2006) (concluding that a district court may not impose a sentence to be served consecutively to any later imposed sentence).

The only remaining question, then, is whether the Court's silence in the judgment in this case means that the sentences run consecutively. On this issue, the Fifth Circuit has held as follows:

> Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different time, they will run consecutively *unless* the district court specifically orders that they run concurrently. 18 U.S.C. § 3584(a). ... A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively. Accordingly,

> [the defendant's] state and federal sentences ran consecutively, because the district court did not order otherwise.

Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original). See also 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Although the foregoing quotation from Free seems straightforward, its application is somewhat murky in a case, like this one, in which the state sentence has not yet been imposed at the time the federal sentence is imposed. The Free court was faced with a previously-imposed state sentence, not a future one.

The reason this distinction matters is that an earlier sentence in § 3584(a) refers to "undischarged" sentences. The entirety of the provision reads as follows:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a)

At least two federal appellate courts have held that the third sentence of the provision, relied on in Free, must be read as a clarification of the first sentence, which refers to an "undischarged term of imprisonment." That is, those courts have held that the presumption

3

of consecutive sentences is applicable only in cases where the federal sentence is being imposed and the defendant is already subject to another sentence, not in cases where a federal court is sentencing a defendant that is also subject to an *anticipated* state sentence. See United States v. Quintero, 157 F.3d 1038, 1040-41 (6th Cir. 1998); United States v. Clayton, 927 F.2d 491, 492-93 (9th Cir. 1991); see also McCarthy v. Doe, 146 F.3d 118, 121-22 (2d Cir. 1998) ("As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him.")

Although the Fifth Circuit has not issued a published decision in which it applied the presumption of consecutive sentences in a case where the federal sentence was imposed and then a *subsequent* state sentence was imposed, the combined force of Hernandez, Brown, and Free suggests that the presumption applies. Moreover, at least one unpublished Fifth Circuit decision has so held. Aldridge v. Wendt, 149 Fed. Appx. 253, 2005 WL 2055929 (5th Cir. Aug. 26, 2005).[1] Numerous lower courts within the Fifth Circuit have also applied the rule in Free to hold that the failure of the federal sentencing court to specify that the federal sentence is to run concurrently to an anticipated state sentence results in the designation of a consecutive sentence. See, e.g., United States v. Kellogg, 2006 WL

---

[1] The factual background of the case is set forth in the magistrate judge's recommendation, Aldridge v. Wendt, 2004 WL 1217934 (N.D. Tex. June 3, 2004), which was adopted by the district court, Aldridge v. Wendt, 2004 WL 1368275 (N.D. Tex. June 16, 2004).

1312479, *2 (W.D. La. May 11, 2006); Lisby v. Joslin, 2005 WL 3148607, *2  (N.D. Tex. Nov. 22, 2005).

In the absence of any published authority from the Fifth Circuit directing the Court on this issue, the Court concludes that Aldridge and the lower court decisions cited above are persuasive and consistent with Fifth Circuit authority.  Thus, the silence of the judgment in the instant case implicates the rule in Free.  Rico's federal sentence was ordered to run consecutively to his future state sentence or sentences, not concurrently.

Having determined that the judgment orders that Rico's sentence be served consecutive to any future state sentence, his request that this Court run the sentences concurrent can only be construed as a motion to alter or reduce his sentence.  This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Rico fails to assert grounds for modification that fall into any of the categories. Therefore, the Court does not have authority to alter his sentence and his motion for concurrent sentences (D.E. 22) is DENIED.

It is so ORDERED this 23rd day of November, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE